# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TROY FAGG, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 1:14-CV-3539-CC |
| THE UNITED STATES OF AMERICA, | : |
| KEITH FIXEL, GEORGE FRAZIER, | : |
| LYNETTE WILLIAMS, THOMAS | : |
| NOYES, and SATINA PYRON, | : |
| | : |
| Defendants. | : |
| | : |

## OPINION AND ORDER

This matter is presently before the Court on Defendants' Motion to Dismiss the First Amended Complaint [Doc. No. 5] (the "Motion"), and for the reasons stated herein, Defendant's Motion is hereby **GRANTED.**

## I.   BACKGROUND

Plaintiff filed his First Amended Complaint [Doc. No. 3] (the "Complaint") on January 13, 2015, asserting several tort claims against the United States brought pursuant to the Federal Tort Claims Act (the "FTCA") , codified at 28 U.S.C. §§ 1346(b), 2401(b), 2402, 2671-2680.  Plaintiff's Complaint alleges that on December 20, 2013, he was working as a truck driver for Davosa Transport

Service Trucking Company, a company contracted by the Postal Service to transport U.S. Mail. *See* Amended Complaint at ¶ VI.3.A. Plaintiff alleges that he arrived at the Conley Post Office to retrieve mail and load it into his truck, and that as he went to load his truck, he was confronted by two assailants who shot Plaintiff during the course of the robbery of Plaintiff's truck. *Id.* at ¶¶ VI.3-5. Plaintiff alleges he suffered extensive injuries as a result. *Id.* at ¶¶ VI.5-VII.4.

Plaintiff additionally alleges that two previous robberies occurred at the Conley Post Office in December 2011 and January 2012, and that these robberies put the Postal Service on notice of a dangerous condition or likelihood of future robberies at the Conley Post Office. *Id.* at ¶¶ X.2-4. Plaintiff alleges as a result of the prior armed robberies, the Defendant enacted a new policy which required the Postal Service to provide armed guards to accompany the mail transporters at the Conley Post Office. *Id.* at ¶¶ IX.2-3, X.6-7. Plaintiff alleges that for a period of "several weeks," the Postal Service scheduled armed police to accompany drivers at the Conley Post Office, but that without warning the Postal Service halted this practice and determined it was too costly. *Id.* Plaintiff concludes that the Postal Service was negligent in enforcing their own regulation to provide armed guards to keep the Conley Post Office premises safe by failing to provide adequate security,

including failing to station an armed postal inspector at the post office. *Id.* at ¶¶ XI.1, XI.5.

Defendants' Motion seeks dismissal of Plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). In particular, Defendants assert that Plaintiff's claims fall within the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and are therefore barred by sovereign immunity.[1]

## II.   STANDARD OF REVIEW

A court may exercise jurisdiction only when specifically authorized to do so, and must dismiss an action when it becomes apparent that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h) (3). Plaintiff maintains the burden of showing that subject matter jurisdiction exists. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the opposite rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life*

---

[1] Plaintiff's Complaint also alleged FTCA claims against several individuals. Defendants moved to dismiss those claims because the FTCA does not allow suits against individual employees or agencies of the United States. *See* 28 U.S.C. §2679(a), (b) (1). Plaintiff did not oppose this portion of Defendants' Motion.

*Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

In evaluating a motion to dismiss, allegations in a complaint are deemed true, and the inferences they support are construed in favor of the non-movant. *Ortega v. Christian*, 85 F.3d 1521, 1524-25 (11th Cir. 1996).  However, where the discretionary function exception defense is asserted, the focus is on whether the government conduct involves judgment of the kind that the discretionary function excepts from judicial intervention.

> Our concern under the discretionary function exception is not whether the allegations of negligence are true; instead, our concern is whether the nature of the conduct involves judgment or choice and whether that judgment is of the kind that the exception was designed to protect.

*Hughes v. United States*, 110 F.3d 765, 767 n.1 (11th Cir. 1997). Therefore, the nature of the government conduct that is being challenged, as well as the discretion and judgment attendant to that government conduct, not just the allegations of the Complaint, must be examined.

## III.   ANALYSIS

Having carefully reviewed Plaintiff's Complaint and the briefs related to Defendants' Motion, and heard oral arguments from the parties, this Court lacks subject matter jurisdiction over Plaintiff's claims based on the four corners of

Plaintiff's Complaint.

It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Mitchell*, 445 U.S. 535, 538, 445 U.S. 535, 100 S. Ct. 1349 (1980) (quotation omitted). The waiver of sovereign immunity cannot be implied, it must be unequivocally expressed. *Id.*

The FTCA provides a limited waiver of sovereign immunity to federal courts' subject matter jurisdiction over certain common law tort actions against the United States. One express limitation contained within the FTCA is the discretionary function exception, 28 U.S.C. § 2680(a). "Through the § 2680 exceptions, Congress has taken steps to protect the Government from liability that would seriously handicap efficient government operations." *Molzof v. United States*, 502 U.S. 301, 309, 112 S. Ct. 711, 116 L. Ed. 2d 731 (1992) (*quoting United States v. Muniz*, 374 U.S. 150, 163, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1963)).

The Court applies a two-part test to determine whether the discretionary function exception precludes a plaintiff's claim brought pursuant to the FTCA.

*Berkovitz v. United States*, 486 U.S. 531, 536, 108 S. Ct. 1954, 100 L. Ed. 2d 531 (1988); *see also Cohen v. United States*, 151 F.3d 1338, 1341 (11th Cir. 1998). First, the Court must determine whether the challenged conduct involves an element of judgment or choice. Second, the Court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield. *Hughes*, 110 F.3d at 767.

Applying this two-part test to the facts alleged by Plaintiff, the Court finds that both elements of the test are met and that the discretionary function exception applies. Under the first part of the test, the "relevant inquiry is whether the controlling statute or regulation mandates that a government agent perform his or her function in a specific manner." *Powers v. United States*, 996 F.2d 1121, 1125 (11th Cir. 1993). "Only if a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard, will a government employee's conduct not fall within the discretionary function exception." *Hughes*, 110 F.3d at 768. Where "there are no such statutes, regulations, or policies present here, the first part of the discretionary function test is satisfied." *Id.* Plaintiff has failed to allege the existence of such a federal statute, regulation, or policy.

The challenged conduct at issue is the series of decisions made by the Postal Service regarding what level of security to provide at the Conley Post Office, and as particularly alleged by Plaintiff, whether to "adhere to the Postal Service mandate of providing armed personnel to accompany the mail transporters while delivering mail at the Conley Post Office."  While Plaintiff argues that the Postal Service had established a fixed "policy" of stationing armed guards at the Conley Post Office and had no discretion to fail to adhere to this regulation, the Court agrees with Defendants that Plaintiff only alleges a temporary practice of providing armed guards for several weeks, a practice which the Postal Service chose to discontinue due to resource allocation.  This does not show a "federal statute, regulation, or policy [that] specifically prescribes a course of action embodying a fixed or readily ascertainable standard." *Hughes*, 110 F.3d at 768.  Instead, the facts alleged show the exercise of day-to-day management or operational duties which require the use of choice or judgment and thus constitute discretionary acts.  *See Gaubert*, 499 U.S. at 323.

Under the second part of the test, the Court must decide whether the judgment afforded postal employees regarding security measures is the type of judgment that the discretionary function exception was designed to shield.

Plaintiff argues that the decision to forego, for fiscal reasons, the routine security measures already implemented at the planning level is not the kind of policy decision protected by the discretionary function exception.  Here, the focus is on whether the challenged actions are "susceptible to policy analysis." *Powers*, 996 F.2d at 1125 (quotation omitted).  Protected "[d]iscretionary conduct is not confined to the policy or planning level." *United States v. Gaubert*, 499 U.S. 315, 325, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991).  "Day-to-day management ... regularly requires judgment as to which of a range of permissible courses is the wisest."  *Id.*  In this case, Plaintiff alleges that the decision to discontinue the provision of armed guards at the Conley Post Office was not the kind of policy decision protected by the discretionary function exception and was not a policy decision of the nature and quality that Congress intended to shield from tort liability under the second prong of the discretionary function exception. As the Eleventh Circuit held in *Hughes*, in the context of post office security, such decisions are precisely the type of policy determinations covered by the discretionary function exception:

> Decisions involving security at post offices are a fundamental part of the economic and social policy analysis required to achieve [the Postal Service's statutory] goals…. Postal employees must decide how to allocate resources so as to best serve customers in a prompt, reliable,

and efficient manner. While financial considerations alone may not make a decision one involving policy, such considerations are particularly relevant to the Postal Service….We will not second guess the Postal Service's resource allocation decisions here.

110 F.3d at 768-69.

Decisions by the Postal Service regarding security at post offices fall within the discretionary function exception of the FTCA, and the Court lacks subject matter jurisdiction over Plaintiff's action.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss the First Amended Complaint [Doc. No. 5] is hereby **GRANTED.**

SO ORDERED this 10th day of September, 2015.

*s/ CLARENCE COOPER*
HONORABLE CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

Prepared by:

/s/ GABRIEL A. MENDEL
Gabriel A. Mendel
Assistant U.S. Attorney
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia  30303
Voice:   (404) 581-6000
Facsimile: (404) 581-4667
*Attorney for Defendants*

Reviewed by:

/s/ FELICIA P. ROWE

Felicia P. Rowe
Rowe & Rowe LLC
4500 Hugh Howell Road
Suite 570
Tucker, GA 30084
(404) 508-1118 phone
(404) 508-2343 fax
*Attorney for Plaintiff*